IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC R. WESTERFIELD,

    Petitioner,                                   CASE NO. 2:12-CV-0631

v.                                                        JUDGE GREGORY L. FROST

WARDEN, CHILLICOTHE                  Magistrate Judge Kemp
CORRECTIONAL INSTITUTION,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed.

## I. PROCEEDINGS IN THE STATE COURTS

According to the petition, this action involves petitioner's conviction (after a jury trial held in the Franklin County Court of Common Pleas) on one count of rape. According to the exhibits to the petition, petitioner was sentenced on December 6, 2007, to life in prison and adjudged a sexual predator. He filed a timely appeal of his conviction and sentence, and in a decision filed on September 4, 2008, a copy of which is also attached to the petition, the Ohio Tenth District Court of Appeals overruled his three assignments of error and affirmed the trial court. *See State v. Westerfield*, 2008 WL 4078425 (Franklin Co.

App. September 4, 2008). On February 4, 2009, the Ohio Supreme Court declined to accept his appeal, and it subsequently denied a motion for reconsideration of that decision. *See State v. Westerfield*, 120 Ohio St. 3d 1506 (February 4, 2009); *State v. Westerfield*, 121 Ohio St. 3d 1442 (April 8, 2009). The petition in this case is undated but was filed in this Court on July 16, 2012. Petitioner does not allege that he filed any other actions challenging his conviction, and the state court's records do not show that he did. Thus, more than three years has passed between the date of the last state court decision and the date on which this action was filed.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

2

> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, petitioner's conviction became final either on May 5, 2009, which was ninety days after the Ohio Supreme Court's February 4, 2009, dismissal of his appeal, or, at the latest, on July 7, 2009, ninety days after his motion for reconsideration was denied on April 8, 2009. The ninety days is added to accommodate the time when a state court defendant may file a petition for a writ of *certiorari* in the United States Supreme Court. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000). Either of these dates is more than three years before petitioner filed this action. The statute of limitations would therefore appear to bar petitioner's claims. .

In some cases, the failure to file a habeas corpus petition in a timely fashion can be excused by the doctrine of equitable tolling. However, "the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably

3

arose from circumstances beyond that litigant's control." *Id*. at 560-61. "[A] habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750 (6th Cir. 2011), *citing Holland v. Florida*, 130 S.Ct. 2549 (2010).

Here, there is nothing in the petition which addresses any of these issues. Although Paragraph 16 of the form petition (which petitioner used in this case) begins with the phrase "TIMELINESS OF PETITION" and asks the petitioner to explain, if the conviction became final over a year before the petition was filed, "why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition," petitioner did not answer that question. In the absence of affirmative evidence that would justify use of the doctrine of equitable tolling, the Court cannot excuse the untimely filing of this case. Section 2244(d) therefore mandates dismissal.

### III. RECOMMENDED DISPOSITION

The Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely because it was not filed within one year after petitioner's conviction became final.

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make

4

a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue should the case be dismissed.

/s/ Terence P. Kemp
United States Magistrate Judge