IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC R. WESTERFIELD,

    Petitioner,                                   CASE NO. 2:12-CV-0631

v.                                                  JUDGE GREGORY L. FROST

WARDEN, CHILLICOTHE                  Magistrate Judge Kemp
CORRECTIONAL INSTITUTION,

    Respondent.

**OPINION AND ORDER**

Petitioner, Eric R. Westerfield, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 alleging that he is in custody in violation of the Constitution of the United States. The case is before the Court to consider petitioner's objections to a recommendation from the Magistrate Judge that the petition be denied and that this case be dismissed. For the following reasons, the Court overrules the objections, adopts the Report and Recommendation, and dismisses the case.

**I. Background and Procedural History**

Because the background and procedural history of the case does not appear to be disputed, the Court will summarize it only briefly. According to the exhibits to the petition, petitioner was convicted in the Franklin County Court of Common Pleas of one count of rape and was sentenced on December 6, 2007, to life in prison and adjudged a sexual predator. His timely appeal was denied, *see State v. Westerfield*, 2008 WL 4078425 (Franklin Co. App. September 4, 2008), and the Ohio Supreme Court both

declined to accept petitioner's appeal and denied his motion to reconsider that decision. *See State v. Westerfield*, 120 Ohio St. 3d 1506 (February 4, 2009); *State v. Westerfield*, 121 Ohio St. 3d 1442 (April 8, 2009).

More than three years later, on July 16, 2012, petitioner filed this habeas corpus action. The Magistrate Judge recommended dismissal because the petition was not filed within the one-year statute of limitations found in 28 U.S.C. §2244(d). Petitioner objects, arguing that because the state court judgment was and is void, the statute of limitations has not yet begun to run.

## II. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. The Law

28 U.S.C. § 2244(d) reads as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner does not claim that he filed his petition within one year of any of these dates, assuming that the Ohio Supreme Court's decision was a final decision within the meaning of this statute. However, he claims that because he was convicted pursuant to an indictment that was amended at trial, his conviction is void and there could not have been a final judgment entered in the state court proceedings. He asserts that the amendment to the indictment violated the United States Constitution because it was never reviewed by a grand jury. Both aspects of his argument are incorrect.

First, this Court has specifically rejected the argument that if an alleged constitutional defect in the state court proceedings may affect the validity of the state court judgment, the limitations period set forth in §2244(d) is inapplicable. In *Foster v. Warden, Chillicothe Correctional Institution*, 2011 WL 692231, *3 (S.D. Ohio February 17, 2011), *adopted*

3

*and affirmed* Case No. 2:11-cv-131 (S.D. Ohio April 8, 2011), the Court held that

> it does not matter, for purposes of determining if the statute of limitations has run, that petitioner claims to be in custody pursuant to a defective, void, or illegal judgment rendered by a state court. The fact remains that this claim had to be brought within one year of the date on which the judgment became final and non-appealable ....

That is so, the Court reasoned, because to hold otherwise would be to undermine substantially the statute of limitations provision applicable to habeas corpus proceedings; many state prisoners claim to be in custody pursuant to a judgment procured in violation of some procedure set forth in the Constitution, and if that were enough to remove the case from the operation of the statute of limitations, there would be little left of that enactment. The Court relied substantially on *Frazier v. Moore*, 252 Fed. Appx. 1, *5 (6th Cir. October 17, 2007), where the Court of Appeals held:

> In order to constitute a "judgment" under §§ 2244(d) and 2254, a state court judgment need not be unassailable, or even prima facie correct. If a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody "pursuant to the judgment of a state court" for the purpose of §§ 2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined. Clearly this interpretation of these statutes cannot be correct.

*See also Williams v. Knab*, 2011 WL 2551030 (S.D. Ohio June 24, 2011), *adopted and affirmed* 2011 WL 3108156 (S.D. Ohio July 26, 2011). This Court finds those decisions persuasive.

Further, the predicate of petitioner's argument is fatally flawed. His claim that the state court judgment is void is based on the fact that the indictment was amended without being reviewed by a grand jury. Although the United States Constitution requires that

4

indictments be returned by grand juries in certain types of cases (the Fifth Amendment states, in part, that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury"), "[t]he Fifth Amendment's guarantee of a grand jury indictment in cases of capital crimes, however, has never been incorporated into the Fourteenth Amendment and hence is not applicable to the states." *Watson v. Jago*, 558 F.2d 330, 337 (6th Cir. 1977). The same is true, of course, for lesser felonies. *See, e.g., Spurling v. Ohio Adult Parole Authority*, 2008 WL 1766792 (S.D. Ohio April 11, 2008) (charge of felony cocaine trafficking). Therefore, petitioner had no federal constitutional right to be charged by indictment at all. If there had been a violation of his procedural rights based on the state grand jury's failure to consider the amendment to the indictment, that would be purely an issue of state law, which would neither support the grant of a writ of habeas corpus nor provide any basis for concluding that the state court judgment is void as a matter of federal constitutional law. Consequently, the statute of limitations does apply to this case, and petitioner did not meet its time limits. That conclusion requires the Court to dismiss the case.

## IV. Order

For all of these reasons, petitioner's objections (Doc. 4) to the Report and Recommendation (Doc. 2) are **OVERRULED** and the Report and Recommendation is **ADOPTED AND AFFIRMED.** The petition for habeas corpus is **DENIED** and this case is **DISMISSED.**

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**